IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.M, by and through his next friend Carol Allen; P.M., by and through his next friend Carol Allen; and CAROL ALLEN,<br><br>            Plaintiffs,<br><br>    v.<br><br>WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION, et al.,<br><br>            Defendants. | No. C 07-5829 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

   Defendants West Contra Costa County Unified School District (the District), West Contra Costa Unified School District Board of Education, Bruce Harter, Wendell Greer, Steve Collins, Darlene Jones, Ken Talken, Craig Crossley and Terry Nicholson move to dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil procedure.  Plaintiffs S.M. and P.M., both minors, and Carol Allen, their mother, oppose the motion.  The matter was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court grants

Defendants' motion.[1]

## BACKGROUND

According to the complaint, S.M. is a student with a learning disability. For years, he has allegedly been physically and verbally abused by other students and unfairly punished by teachers and administrators. He asserts that District officials have done nothing to protect him from other students, but instead have gone "out of [their] way to brand him as and treat him as a criminal and encourage school site staff to be biased against him." SAC ¶ 27. "Rather than appropriately addressing the harmful behavior of other students and staff, Defendants shifted S.M. from classroom to office and office to home and school to school." Id. ¶ 33. He "has been segregated to a campus for students with disabilities where staff regular[ly] uses physical discipline on students, and isolated from the general education population." Id. ¶ 30.

P.M. is S.M.'s older brother. According to the complaint, he was subjected to "continuous harassment, through disciplinary procedures and verbal put downs by staff" after he "spoke out against the harassment and abuse suffered by his brother." Id. ¶ 43.

S.M. and Ms. Allen originally filed suit against the District and its agents in 2006, asserting, among others, claims under the

---

[1] The motion does not appear to have been filed on behalf of Defendant Harry Culbertson. However, the claims against Mr. Culbertson fail for the same reasons as the claims against the other Defendants, and are dismissed on this basis. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.")

2

Individuals with Disabilities Education Act (IDEA). This Court dismissed that case in January, 2007 because S.M. had not exhausted his administrative remedies.

Shortly before the dismissal of the previous case, S.M. and Ms. Allen filed a request for due process with the District's Office of Administrative Hearings (OAH), charging the District with failing "to adequately monitor and address [S.M.'s] educational needs and provide appropriate services." Collins Dec. Ex. A at 5.[2] A January, 2007 amendment to the request describes attacks by other students due to the District's failure to place S.M. in an appropriate setting. Id. Ex. C at 5-6. It also alleges that S.M. was assaulted by school staff. Id. at 5.

On March 7, 2007, Ms. Allen, S.M. and the District resolved the OAH proceedings by entering into a "Final Mediation Agreement." The settlement agreement contains a section entitled "General Release and Discharge" that provides in part:

> Petitioner hereby fully releases and discharges each other [sic] from all claims, damages, liabilities, rights and complaints of whatever kind or nature arising from or related to Student's educational program through the date of the IEP team meeting provided for herein.
>
> This release and discharge precludes Petitioner and anyone acting on behalf of Petitioner from hereafter initiating or maintaining any actions or proceedings, other than proceedings to enforce this Agreement, arising from or related to Student's educational program through the date of execution of this Agreement.
>
> This release and discharge applies to any action or proceeding based on any state or federal statute, regulation, case decision, or common law including, but not limited to, claims under the Individuals with Disabilities Education Act (20 U.S.C. § 1400, et seq.),

---

[2] The Court grants Defendants' request for judicial notice of the documents from the OAH proceedings, the authenticity of which Plaintiffs do not dispute.

3

> 42 U.S.C. section 1983, Section 504 of the Rehabilitation of [sic] Act of 1973 (29 U.S.C. § 732), the Americans with Disabilities Act (42 U.S.C. § 12101), California Education Code § 5600, et seq., and <u>School Committee of the Town of Burlington v. Dept. of Ed.</u>, 471 U.S. 359, 105 S.Ct. 1996 (1985). However, this release and discharge does not apply to state tort claims.
>
> Moreover, this release and discharge applies to all claims for injuries, damages, or losses related to Student's educational program through the date of the full execution of this Agreement, regardless of whether those injuries, damages, or losses are currently known or unknown, foreseen or unforeseen, or patent or latent.

<u>Id.</u> Ex. D at 4-5.

Plaintiffs filed the present lawsuit in November, 2007. It is based on many of the same events as the original 2006 case. Plaintiffs assert claims under the Constitution and federal statutes, as well as under California statutory and common law. Defendants now move to dismiss the complaint in its entirety.

LEGAL STANDARD

I.  Motion to Dismiss for Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). When granting a motion to dismiss, the court is generally required to

grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

DISCUSSION

I. S.M.'s Claims Based on Events Prior to March 7, 2007

The settlement agreement provides a broad release of "all claims" of "whatever kind or nature arising from or related to [S.M.'s] educational program through the date of the IEP team meeting." It has not been established when the IEP team meeting took place, but the settlement agreement was signed on March 7,

2007.  Accordingly, Defendants move to dismiss all of S.M.'s claims that are based on events that took place prior to March 7, 2007.

Although the complaint is not always clear, it appears that all of the claims based on Defendants' treatment of S.M. either arise from or are related to his educational program.  The crux of the complaint is that District officials failed to place S.M. in an appropriate educational setting, permitting his abuse at the hands of other students and punishing him (sometimes physically) for no reason other than his disability.  These are the very claims that were the subject of the OAH proceedings and were settled.

The only claim Plaintiffs identify as not "arising from or related to" S.M.'s educational program is violation of California Education Code § 49001, which prohibits corporal punishment as a disciplinary measure.  Setting aside the fact that the complaint does not actually assert a claim for violation of this statute and does not allege any details concerning the use of force against S.M. by District employees, it is difficult to see how the form of punishment S.M. received -- a matter that was clearly at issue in the OAH proceedings -- does not relate to his educational program.  Moreover, violation of the California Education Code is not a federal claim.  Because S.M. has plead no viable federal claims, the Court would, in any event, decline supplemental jurisdiction over any claim for violation of § 49001.

Plaintiffs argue that the Court cannot consider the settlement agreement because release is an affirmative defense that can be raised only on a motion for summary judgment.  However, Plaintiffs have not cited any authority for the proposition that an affirmative defense cannot be adjudicated on a motion to dismiss.

6

And although a court generally may not consider matters beyond the pleadings on a Rule 12(b)(6) motion,[3] "when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading." Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds, Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327, at 762-63 (2d ed. 1990)). The purpose of this rule is to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents" that are determinative of their claims. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) superseded by statute on other grounds, as noted in Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006). The complaint refers to the settlement, though not explicitly to the settlement agreement itself. FAC ¶ 40. Plaintiffs do not dispute the authenticity of the agreement that was filed, and the Court may properly consider it on the present motion.

Plaintiffs also contend that, even if the Court were to consider the settlement agreement, they did not intend to release the federal claims asserted in this lawsuit, and the release should not be interpreted as doing so. However, a party may not rely on his or her own subjective understanding of the meaning of a contractual term to contradict the unambiguous language of the term

---

[3] Defendants assert that the release deprives the Court of subject matter jurisdiction over the claims. A release, however, is an affirmative defense and does not go to the issue of subject matter jurisdiction. Stephen H. v. W. Contra Costa County Unified Sch. Dist. Fin. Corp., 2007 U.S. Dist. LEXIS 41672 (N.D. Cal.).

7

itself. See, e.g., Powerine Oil Co., Inc. v. Superior Court, 37 Cal. 4th 377, 390 (2005) ("If contractual language is clear and explicit, it governs."); Merced County Sheriff's Employees' Ass'n v. County of Merced, 188 Cal. App. 3d 662, 672 (1987) ("Our holding [concerning the meaning of the term "said average"] does not mean that the County did not entertain a contrary subjective meaning but, as we have previously explained, the existence of mutual assent is determined by an objective rather than a subjective standard, i.e., what a reasonable person would believe from the outward manifestations of consent."). The unambiguous language of the release covers the federal claims asserted by S.M. and Ms. Allen, all of which arise from or are related to S.M.'s education program.

The Court therefore finds that S.M.'s claims, other than state tort claims, arising from conduct that occurred prior to March 7, 2007 are barred by the settlement agreement.

II. S.M.'s Claims Based on Events Subsequent to March 7, 2007

"The IDEA requires a plaintiff to exhaust his or her administrative remedies before commencing suit if that person is 'seeking relief that is also available under' the IDEA." Robb v. Bethel Sch. Dist. # 403, 308 F.3d 1047, 1049 (9th Cir. 2002) (quoting 20 U.S.C. § 1415(l)). If a plaintiff is required to exhaust administrative remedies under the IDEA, but fails to do so, federal courts are without jurisdiction to hear the plaintiff's claims. Witte v. Clark County Sch. Dist., 197 F.3d 1271, 1274 (9th Cir. 1999). Defendants argue that the Court lacks subject matter jurisdiction over S.M.'s federal claims arising after March 7, 2007 because he did not exhaust his administrative remedies with respect

8

to those claims.

The IDEA's exhaustion requirement applies to causes of action based on the IDEA as well as to causes of actions based on other federal statutes, such as the Americans with Disabilities Act or § 1983.  See Robb, 308 F.3d at 1048-50; 20 U.S.C. § 1415(l).  The Ninth Circuit has held that "when a plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required."  Robb, 308 F.3d at 1048.  The "primary concern in determining whether a plaintiff must use the IDEA's administrative procedures relates to the source and nature of the alleged injuries for which he or she seeks a remedy, not the specific remedy requested."  Id. at 1050.  In considering whether the injuries are of the type the IDEA is meant to remedy, it must be kept in mind that the IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected."  Robb, 308 F.3d at 1049 (alterations in Robb) (quoting 20 U.S.C. § 1400(d)).

In determining whether exhaustion is required, the "dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies.  If so, exhaustion of those remedies is required.  If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary."  Id. at 1050. Even in situations where it is not clear whether the IDEA can

9

remedy a particular injury, "exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem." Id.

It is clear that Plaintiffs' injuries are of the type that may be redressed by the IDEA's administrative remedies. Plaintiffs contend that S.M. need not exhaust those remedies because his claims are based on a "policy or . . . practice of general applicability that is contrary to the law," a category of claims that are, in some cases, exempted from the exhaustion requirement, see Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1304 (9th Cir. 1992). However, although Plaintiffs have described S.M.'s treatment as flowing in part from Defendants' general practice of physically and verbally abusing students and denying them meals as a form of punishment, "[s]tructuring a complaint as a challenge to policies, rather than as a challenge to an individualized education program formulated pursuant to these policies, . . . does not suffice to establish entitlement to a waiver of the IDEA's exhaustion requirement. Plaintiffs must demonstrate in addition that the underlying purposes of exhaustion would not be furthered by enforcing the requirement." Id.

Plaintiffs have not demonstrated a basis for being excused from the IDEA's exhaustion requirement because S.M.'s claims, no matter how they are phrased, are fundamentally specific to Defendants' particular treatment of S.M. Plaintiffs' pursuit of administrative remedies would afford the District "an opportunity to consider and correct errors" concerning S.M.'s current education program, even if those errors result from an unlawful policy of

10

corporal punishment.[4] Id.  S.M.'s claims based on post-March 7, 2007 events will therefore be dismissed.

III. P.M.'s Claim

In the complaint, P.M. asserts a claim under the Equal Protection Clause "on the basis of disability and race." Defendants move to dismiss this claim because P.M. does not allege that he is disabled.  Defendants do not explicitly address the race discrimination claim.  In opposing the motion, Plaintiffs do not refute Defendants' argument, but instead claim that P.M. may state a claim for retaliation under the Rehabilitation Act.  They do not discuss the viability of any claim for race discrimination. Whether P.M. may pursue a Rehabilitation Act claim is not before the Court because he does not assert such a claim in the complaint.[5]  As for the race claim, the complaint contains nothing more than conclusory allegations that Defendants have adopted racially discriminatory policies.  Plaintiffs do not identify any particular policy.  Nor do they provide any facts to support the conclusion that P.M. was singled out for discriminatory treatment because of his race.  Their bare assertion of discrimination is not sufficient to state an Equal Protection claim, and this claim is therefore dismissed.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) ("While a complaint attacked by a

---

[4] In addition, although Plaintiffs assert that the District's alleged policy of corporal punishment violates California law, they do not explain how a policy that violates state law can form the basis of their federal claims.

[5] Plaintiffs were previously ordered to list each claim for relief separately and to identify the person asserting the claim and the statute pursuant to which the claim is brought.  Docket No. 57.

11

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). P.M. may amend the complaint to assert a retaliation claim under the Rehabilitation Act or to specify a factual basis for a race discrimination claim.

IV.  Ms. Allen's Claim

Ms. Allen asserts that Defendants violated her First Amendment right to freedom of speech by retaliating against her for opposing their unlawful practices. She has not, however, identified any specific action taken against her, and it is not clear that she can state a First Amendment claim for the alleged adverse actions taken against her son. In any event, Ms. Allen does not specify the date on which any of Defendants' alleged conduct occurred, and any claim based on conduct that occurred prior to March 7, 2007 would be barred by the settlement agreement. The Court therefore dismisses this claim with leave to amend.

V.  State Law Claims

Defendants argue that Plaintiffs' state law claims should be dismissed because Plaintiffs have not complied with the procedural prerequisite of first filing an administrative claim, as required by the California Tort Claims Act. Because the Court is dismissing Plaintiffs' federal claims, it will defer ruling on the viability of any of the state-law claims. If Plaintiffs file a third amended complaint as permitted by this order and assert claims under California law, Defendants may move to dismiss at that time.

12

VI. Eleventh Amendment Immunity

Before this case was re-assigned to the undersigned judge, the Honorable Charles R. Breyer dismissed, without leave to amend, Plaintiffs' § 1983 claims for monetary damages against the District and against any Defendants in their official capacities. He also dismissed, without leave to amend, Plaintiffs' state law claims against the District and against any Defendants sued in their official capacities for monetary damages. Plaintiffs have improperly re-asserted these claims, which Judge Breyer found were barred by the Eleventh Amendment, in the second amended complaint. The claims are therefore stricken and may not be asserted in any third amended complaint.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed. S.M. is given leave to amend to assert a federal claim based on events that are not related to his educational program. As explained, any claim based on S.M.'s discipline or placement at school is related to his educational program. S.M.'s education-related claims arising subsequent to March 7, 2007 are dismissed without prejudice to re-filing after he has exhausted the administrative procedures and remedies provided by the IDEA. P.M.'s claim is dismissed with leave to amend to assert a retaliation claim under the Rehabilitation Act and/or to state facts sufficient to make out a claim for race discrimination. Ms. Allen's claim is dismissed with leave to amend to identify the dates on which the conduct giving rise to her First Amendment claim took place and to specify a factual basis for concluding that her First Amendment rights were violated.

13

Although the complaint alleges that P.M. is a minor, it also alleges that P.M. has already graduated from high school. It is possible that, since this lawsuit was filed in 2007, P.M. has attained majority status. If he is no longer a minor, P.M. must decide whether he wishes to pursue this action on his own behalf and, if so, must sue in his own right and not through Ms. Allen. If P.M. is still a minor, the third amended complaint must state his date of birth.

Any third amended complaint must be filed within ten days of the date of this order. If Plaintiffs do not file a third amended complaint, the case will be closed.

IT IS SO ORDERED.

Dated: 4/16/09

CLAUDIA WILKEN
United States District Judge